IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| CONNIE F. MATHENY | ) |
| | ) |
| v. | ) NO. 1:17-0031 |
| | ) |
| SOUTHERN HEALTH PARTNERS, INC. | ) |
| and TONYA EDWARDS | ) |

TO: Honorable Waverly D. Crenshaw, Jr., Chief District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

This civil action is before the undersigned Magistrate Judge for pretrial management in accordance with Local Rule 16.01. *See* Docket No. 5. For the reasons set forth below, the undersigned respectfully recommends that this action be dismissed.

## I. BACKGROUND

On April 3, 2017, Plaintiff Connie Matheny filed this Section 1983 action against Defendants Hickman County, Tennessee, Southern Health Partners, Inc. and Tonya Edwards. Docket No. 1. An Initial Case Management Order was entered on July 7, 2017 (Docket No. 26). Trial was set and the parties' pretrial obligations were detailed in an order entered on July 24, 2017 (Docket No. 31).

On July 13, 2017, Defendant Hickman County filed a motion to dismiss (Docket No. 27), which the Court granted as unopposed by order entered October 30, 2017 (Docket No. 33).

Following the dismissal of Defendant Hickman County, a telephonic case management conference was held on December 7, 2017, during which counsel for the parties advised the Court that a settlement was reached, and a deadline of January 31, 2018, was imposed for submission of an agreed order of dismissal or other filing in resolution of the case. *See* Order at Docket No. 35. Prior to submission of any filing in resolution of this case, Plaintiff's counsel moved to withdraw (Docket Nos. 36, 37, and 38). Because of the pending deadline for submission of the parties' settlement, the Court scheduled a telephonic status conference on the motion to withdraw.

Following the telephonic status conference, Plaintiff's counsel was permitted to withdraw, and a deadline of February 16, 2018 was set for new counsel to either enter an appearance on behalf of Plaintiff or for Plaintiff to notify the Court of her intention to proceed *pro se*. *See* Order at Docket No. 39. Plaintiff was expressly notified that failure to comply with this deadline, either by an appearance of new counsel or notification of her intention to proceed *pro se*, would result in a recommendation to the District Judge for dismissal of this case. No appearance was made on behalf of Plaintiff by the February 16 deadline. Nor did Plaintiff file any notice by that date of her intention to proceed *pro se*.

## II. ANALYSIS

Rule 16(f)(1) provides that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C).[1] Pursuant to Rule 37(b)(2)(A)(v), the Court may dismiss an action as a sanction. The Court may also dismiss an action under Rule 41(b) for a

---

[1] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

plaintiff's failure to prosecute or to comply with the rules of procedure or a court order. *See* Fed. R. Civ. P. 41(b)*; Bishop v. Cross*, 790 F.2d 38 (6th Cir. 1986); *Patterson v. Township of Grand Blanc*, 760 F.2d 686, 688 (6th Cir. 1985) (*per curiam*); *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). In addition, it is well-settled that federal trial courts have the inherent power to manage their own dockets. *Link v. Wabash R.R.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961).

The Court has allowed Plaintiff some indulgence in timely compliance with the deadline imposed for her to take specific action, given her apparent *pro se* status. However, "the lenient treatment generally accorded to *pro se* litigants has limits," *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996), and "*pro se* parties must follow the same rules of procedure that govern other litigants," *Aug. v. Caruso*, 2015 WL 1299888, at *6 (E.D. Mich. Mar. 23, 2015). *See also*, *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) (stressing that "being a *pro se* litigant does not give a party unbridled license to disregard clearly communicated court orders," or to "choose which of the court's rules and orders it will follow, and which it will wilfully disregard"); *Looper v. Educ. Credit Mgmt. Corp.*, 2008 WL 2965887, at *8 (E.D. Tenn. July 30, 2008) (plaintiff's "*pro se* status does not exempt him from complying with the rules of procedure."); *Greer v. Home Realty Co. of Memphis Inc.*, 2010 WL 6512339, at *2 (W.D. Tenn. July 12, 2010) ("Although district courts may liberally construe the federal and local rules for *pro se* litigants, even *pro se* litigants are obligated to follow these rules."). Despite the extra time allowed prior to the Court making this recommendation, Plaintiff has not provided the Court with any update on her efforts to comply with the Court's orders, much less taken any action that indicates an intention to comply.

Dismissal is warranted under any of or any combination of Rule 16(f)(1) and Rule 41(b), or the Court's inherent powers, because of Plaintiffs' failure to comply with the specific directive from the Court regarding either retention of new counsel or her intention to proceed *pro se*, which also evidences failure to prosecute this case. The Court should not be required to expend further resources to direct Plaintiff in moving this case forward, particularly when Plaintiff has already ignored the Court's previous clearly communicated instruction for how to proceed and the deadline by which to do so. Plaintiff was expressly warned that dismissal would be recommended if she failed to comply with the Court's order. For that reason, a lesser sanction than dismissal is not warranted.

Although there is some appeal to dismissing this case with prejudice, or to letting Rule 41(b) operate as an adjudication on the merits by not providing otherwise, this recommendation is for dismissal without prejudice.

## RECOMMENDATION

Based upon the foregoing, the undersigned Magistrate Judge respectfully RECOMMENDS that this action be DISMISSED in its entirety without prejudice pursuant to Rules 16(f)(1) and 41(b) of the Federal Rules of Civil Procedure and the Court's inherent powers.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any other party

wishing to respond to the objections shall file a response within fourteen (14) days after being served with a copy of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.03(b)(2).

The Clerk is directed to send a copy of this Order to Plaintiff by first class mail and by certified mail.

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge